IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE HUNTER, | : | |
| Plaintiff, | : | Case No. 2:03-cv-972 |
| v. | : | Judge Graham |
| RALPH TRUSSELL, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

### ORDER

This matter is before the Court on defendants' March 24, 2006 motion for reconsideration of the decision of the magistrate granting the motion to compel (doc. 37). On November 3, 2005, plaintiff filed a motion to compel discovery. This motion went unopposed, and on March 16, 2006 the Magistrate Judge granted plaintiff's motion. Plaintiff George Hunter has not filed a responsive brief to defendants' motion for reconsideration.

Defendants maintain that their failure to respond to plaintiff's motion was an "inadvertent mistake on the part of counsel." Defendants' ask this Court to reconsider because (1) there is nothing to compel because plaintiff never served the discovery request on defendants until he filed the motion to compel, which is in violation of Rules 26, 33, and/or 34, Fed. R. Civ. P.; (2) the motion to compel is defective because it does not contain a certification pursuant to Rule 37(a)(2) that the plaintiff tried to resolve the

1

issue without court involvement prior to filing the motion to compel; and (3) this discovery request was made seven months after the discovery deadline. Plaintiff George Hunter filed this action on October 22, 2003 alleging that defendant Ralph Trussell, as the Sheriff of Meigs County, Ohio illegally seized personal property belonging to Hunter, and despite Hunter's demands, defendant has not returned the property. Compl. ¶ 4.

In June 2004, this Court issued a preliminary pretrial order which set the discovery deadline for February 1, 2005 (doc. 10). On January 26, 2005, the discovery deadline was extended to and including April 1, 2005 (doc. 16). On September 21, 2005, this case was given a November 7, 2005 trial date (doc. 28). On November 1, 2005, two days before Hunter filed his motion to compel, the November 7 trial date was cancelled pending this Court's ruling on defendants' motion for summary judgment.

**Excusable neglect.** Defendants did not oppose the motion to compel discovery. Excusable neglect is the standard for determining whether a litigant should be relieved of the consequences of failing to oppose a motion. *Dimmitt v. Ockenfels*, 220 F.R.D. 113, 114 (D. Me. 2004).

Defendant's counsel states in his brief supporting the motion to reconsider:

> Counsel for the defendants would like to first note two points prior to stating the defendants' grounds for the motion for reconsideration. First, counsel recognizes the importance of discovery in the civil process, and the need for counsel to cooperate and freely provide relevant and discoverable information to opposing sides. This is true, even if they are represented by counsel, or, in this case whether they are pro se litigants. That being said, the failure of counsel to respond to the motion to compel

2

> was not done as a way to disrespect Mr. Hunter or the Court, but, was an inadvertent mistake on the part of counsel, as Counsel put the motion aside upon receipt, in haste, as it was filed two days after this Court had canceled the trial date pending a decision on the motion for summary judgment.

March 24, 2006 Motion for Reconsideration (doc. 37), at p. 2.  Neglect by counsel is not excusable neglect.  *See, Dimmitt,* 220 F.R.D. at 115.

**Plaintiff's proposed discovery.**  Following the close of discovery, a party may not seek new additional discovery by filing a motion to compel.  *Saalman v. Reid,* 2006 WL 581246, at * 1 (S.D. Ohio Mar. 8, 2006) (slip copy).  In this case, Hunter's motion was filed seven months after the April 2005 discovery deadline.  Hunter had not served discovery requests seeking this discovery before the discovery deadline had passed.  Moreover, defendants' September 20, 2005 motion for summary judgment is awaiting decision.  Finally, Hunter has not opposed this motion for reconsideration.

This case presents the unusual situation of both parties having failed to oppose a motion: Defendants the motion to compel, and plaintiff the motion to reconsider.  Since defendants' motion for summary judgment had been fully briefed before plaintiff filed his motion to compel, plaintiff has made no showing of an entitlement to the discovery before the Court rules on the motion for summary judgment.  On the other hand, defendants' failure to oppose the motion to compel should not be rewarded.  Accordingly, defendants' March 24, 2006 motion for reconsideration of the decision of the magistrate granting the motion to compel (doc. 37) is **GRANTED** to the following extent.  Defendants need not now respond to plaintiff's discovery requests.  However,

3

should defendants' motion for summary judgment be denied; plaintiff's November 3, 2005 motion to compel (doc. 35) is **GRANTED**.

                                                     s/James L. Graham
                                                     JAMES L. GRAHAM
                                                     United States District Court

DATE:  April 24, 2006