```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

George Hunter,

       Plaintiff,

                                 Case No. 2:03-cv-00972

       v.

                                 JUDGE GRAHAM

Ralph Trussel, et. al.,

                                 Magistrate Judge Abel

       Defendants.

## MEMORANDUM OPINION AND ORDER

Donna and George Hunter filed this action against Ralph Trussel ("Trussel"), Patrick Story ("Story"), Jeffery Thornton ("Thornton"), Michael Davenport ("Davenport"), Jim Sheets ("Sheets"), David Rees ("Rees"), and Adam Smith ("Smith") (collectively "defendants") alleging violations of 42 U.S.C. §1983 and Ohio Revised Code §2307.60.  Pursuant to a settlement agreement, Donna Hunter ("Donna") dismissed all her claims against defendants.  George Hunter ("plaintiff") has continued with his claims against defendants *pro se.*

On September 20, 2005, defendants filed a motion for summary judgment which was fully briefed by October 20, 2005. Approximately two weeks later, plaintiff filed a motion to compel discovery.  This motion to compel went unopposed and was granted by Magistrate Judge Abel on March 16, 2006.  After plaintiff's motion to compel was granted, defendants filed a motion for

1

reconsideration, arguing that there was nothing to compel as plaintiff never served discovery requests on defendants before he filed his motion to compel. Moreover, plaintiff's motion to compel was not filed until seven months after discovery had closed. Defendants' motion for reconsideration went unopposed.

Noting that this case presented the unusual situation of each side failing to oppose a motion, Magistrate Judge Abel granted defendants' motion for reconsideration to the extent that defendants were not required to respond to plaintiff's discovery requests until after this court ruled on defendants' summary judgment motion. Magistrate Judge Abel further ordered that if defendants' summary judgment motion is denied, defendants must respond to plaintiff's discovery requests. This matter is now before the court on defendants' summary judgment motion.

## I. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.

2

1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case. LaPointe, 8 F.3d at 378. The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case. Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

The Court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52). A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

Nonspecific, conclusory statements will not overcome a

properly supported motion for summary judgment. See Fed. Civ. R. 56 (E); Mitchell v. Toledo Hospital, 964 F. 2d 577, 584-585 (6th Cir. 1992)(statements contained in an affidavit "are nothing more than rumors, conclusory allegations and subjective beliefs which are wholly insufficient evidence to establish a claim ... as a matter of law."). Therefore, to survive defendants' summary judgment motion, plaintiff must present specific, nonconclusory evidence, demonstrating that these specific defendants' violated his constitutional rights by arresting him without probable cause and using excessive force.

## II. Background

On October 26, 2001, at approximately 12:03 p.m., the Meigs County Sheriff Department received a call from the Guardian Alarm Company, a home security system, informing them of a suspected break-in at 39566 Bunker Hill Road in Pomeroy, Ohio. This residence was owned by plaintiff's father, but was being occupied at the time by plaintiff and his ex-wife Donna. Plaintiff was living at that address, but maintains he did not have any ownership interest in the personal or real property at the location.

Defendant Smith and Scott Trussel,[1] deputies with the Meigs

---

[1] Scott Trussell, the son of defendant Sheriff Ralph Trussell, has not been named as a defendant in this action.

County Sheriff's Department, were dispatched to the scene and arrived at approximately 12:17 p.m.  While investigating, Smith entered the residence through an unlocked door and discovered two plants under a halogen light.  See Smith Affidavit ¶3.  Plaintiff admits he does not recall whether the doors were left open or not.  See Hunter Dep. at 73.

Smith, based on his experience and training, determined that these plants were marijuana.  Once the residence was secure, Smith prepared a search warrant affidavit.  Based on that affidavit, Judge Robert Buck issued a warrant to search 39566 Bunker Hill Road, including the property, aluminum shed, and wood barn, for evidence of various drug-related offenses.  During the search, Smith discovered a bag of marijuana, drug paraphernalia, and a large cache of weapons, ammunition, and ordinance, including numerous fully automatic weapons such as a Thompson submachine gun and a Chinese made AK-47.

At this point, Donna arrived and provided identification to the officers.  Deputy Trussell performed a leads inquiry search on the NCIC database.  The results of the NCIC search indicated that Donna had many aliases, including Michelle Laura Flynn, an individual arrested by the Columbus Police Department for aggravated murder and abuse of a corpse.  Deputy Trussell conveyed this information to Smith.

With this additional information, Smith filed an affidavit

5

for a second search warrant. His justification for the second warrant was the large cache of weapons and ammunition found during the first search and Donna's criminal history report, which indicated that she might be under indictment for an offense making it illegal to possess a firearm or dangerous ordinance.

As the investigation continued, Donna told Smith that plaintiff lived at the residence and that plaintiff was responsible for the marijuana plants, bag of marijuana, and paraphernalia. Later, plaintiff arrived and was apprehended at gunpoint by other deputies. A search revealed that he was carrying two loaded weapons. Defendant Smith then arrested plaintiff for various drug-related offenses and carrying concealed weapons. The Bureau of Alcohol, Tobacco, and Firearms was notified and seized the illegal guns.

Plaintiff filed this complaint on October 22, 2003, alleging that defendants violated 42 U.S.C. §1983 when they illegally entered his home on October 26, 2001, while investigating the suspected burglary, that they lacked probable cause to obtain a warrant for the subsequent search of his premises, and that they used excessive force in arresting him. In addition, plaintiff also sought money damages under O.R.C. §2307.60, asserting that defendants' lack of care caused damage to the seized firearms resulting in a diminution in their value.

### III. Discussion

Before discussing the underlying merits of plaintiff's claims, this court must first address whether sufficient allegations have been made against each individual defendant to warrant their inclusion in this suit. Defendant Trussel was the elected Meigs County Sheriff. Defendant Story was the elected Meigs County Prosecuting Attorney, and defendants Thornton, Davenport, and Sheets were Meigs County Commissioners.

No evidence has been produced showing that any of these defendants were at the scene when plaintiff was arrested, nor is it alleged that any were personally involved with the commission of the alleged wrongful acts. Moreover, defendants have submitted two unchallenged affidavits stating that the above-mentioned defendants were not personally involved with the events at issue.

Likewise, in their official capacities, defendants Trussel, Story, Thornton, Davenport, and Sheets cannot be held responsible because a governmental entity may not be held liable in a §1983 claim for the acts of an agent, unless the agent is acting pursuant to an official policy or custom at the time the harmful acts are committed. Monell v. Dept of Social Services, 436 U.S. 658, 690-691 (1978)("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy

7

of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory.").

Plaintiff has not produced evidence of any official policy that resulted in a constitutional deprivation. Because defendants Trussell, Story, Thornton, Davenport, and Sheet were not personally involved with any of the allegedly wrongful acts, and because the acts were not committed pursuant to a county policy or custom, plaintiff's claims against them must be dismissed.

Plaintiff's complaint also alleges claims against John Doe, a Meigs County law enforcement officer. However, no effort has been made by plaintiff to identify John Doe. Because discovery has been closed and plaintiff has failed to identify John Doe, these claims must be dismissed. Hindes v. FDIC, 137 F.3d 148, 155 (3rd Cir. 1998); Melson v. Kroger Co., 578 F. Supp. 691, 698 (S.D. Ohio 1983).

Having dismissed defendants Trussel, Story, Thornton, Davenport, Sheets, and John Doe, this court must now examine plaintiff's claims against the remaining defendants, Smith and Rees. Smith and Rees were deputies in the Meigs County Sheriff's office. Smith was one of the investigating officers at the scene

while Rees acknowledges that he completed an inventory to a search conducted on plaintiff's property.

### A. Plaintiff's federal claims.

Plaintiff alleges that Smith and Rees violated the Fourth Amendment by illegally entering and searching his home and by using excessive force when arresting him.

### 1. Warrantless entry and subsequent search.

Defendants' seek summary judgment, arguing that they are protected from liability for their actions under the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials, acting in their official capacities, from being sued for damages except under specific circumstances. Id. Defendants will not be protected under the doctrine of qualified immunity if plaintiff can demonstrate: (1) the facts viewed in the light most favorable to the plaintiff shows that a constitutional violation has occurred; (2) the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) the plaintiff has offered sufficient evidence to show that the official's actions were objectively unreasonable in light of the clearly established constitutional rights. Feathers v. Aey, 319 F.3d 843, 848 (6th Cir.2003); Williams ex rel. Allen v. Cambridge Bd. Of Educ., 370 F.3d 630, 636 (6th Cir.2004). The question of whether or not a defendant is entitled to qualified

immunity is one of law for the court. <u>Dominque v. Telb</u>, 831 F.2d 673, 677 (6th Cir. 1987).

At issue here in the first and third prong. First, this court must determine whether a violation of the Fourth Amendment occurred. If the answer is yes, then the court must decide whether defendants' conduct was objectively unreasonable in light of the Fourth Amendment.

The Fourth Amendment prohibits the warrantless entry into a home, absent exigent circumstances. <u>United States v. Rohrig</u>, 98 F. 3d 1506, 1515 (6th Cir. 1996) (citing <u>Payton v. New York</u>, 445 U.S. 573, 586 (1980). Courts have acknowledged that while it is impossible to articulate an exhaustive list of exigent circumstances, commonly cited categories include hot pursuit, imminent destruction of evidence, the need to prevent escape, and the risk of danger to police or others. <u>United States v. Johnson</u>, 22 F.3d 674, 680 (6th Cir.1994). The Sixth Circuit has further instructed:

> A determination of whether sufficient exigent circumstances exist to justify a warrantless entry and seizure requires that the court consider the totality of the circumstances and the inherent necessities of the situation at the time.

<u>See</u> <u>United States v. Plavcak</u>, 411 F.3d 655, 663 (6th Cir. 2005) (citations and quotations omitted).

Here, an alarm system detected an intruder, which resulted in defendant Smith being summoned to the scene to investigate the

suspected burglary.  Under similar circumstances, courts have routinely found that police are justified in entering the home, absent a warrant, to investigate and secure the area under the exigent circumstances exception.  See United States v. Johnson, 9 F. 3d 506, 509-510 (6th Cir. 1993); Reardon v. Wroan, 811 F.2d 1025 (7th Cir. 1987); Murdock v. Stout, 54 F.3d 1437 (9th Cir. 1995).

In the above-cited cases, the courts found exigent circumstances by relying on additional facts beyond the home security alarm or burglary report; i.e. a broken window, an open back door in a dark house during a high crime season, or an open patio window and the failure of the resident to respond.  Id. However, such additional facts are not necessary for the exigent circumstances exception to apply.  United States v. Tibolt, 72 F.3d 965 (1st Cir. 1995); United States v. Porter, 288 F. Supp. 2d 716 (W.D. Vir. 2003).

In Tibolt, officers were dispatched to the Dombrowski residence in response to a security alarm company report.  The officer that responded mistakenly entered the driveway of the Tibolts, the Dombroskis' next-door neighbors, and began investigating.  During his investigation, he found an unlocked back door, but was unable to make contact with anyone inside.  He called for back-up, and when it arrived, the officers made an immediate warrantless entry through the unlocked back door.  As

11

they "secured" each room, the officers discovered a marijuana growing facility in the basement.

The court found exigent circumstances permitting the warrantless entry because:

> Without entering, he could not know [if] an intruder had managed to get into the residence, and even injured or captured a resident, then fled; or had been caught off guard by the police and remained in the residence with a forcibly detained resident. ... Hindsight discloses, of course, that [the officer] was mistaken. Nevertheless, at the time, an officer confronted with these circumstances reasonably could have concluded that there was an imminent risk "to the lives or safety of the public," or to an injured or immobilized resident.

See id. at 970-971.

Similarly, in United States v. Porter, 288 F. Supp. 2d 716 (W.D. Vir. 2003), officers responded knowing only that a home security alarm had been activated. When they arrived, a neighbor informed the officers that a young girl from the neighborhood opened the back door, possibly tripping the alarm. The officers surveyed the front of the house finding no signs of entry, and they received no response to their knock on the front door. The officers then proceeded to the back door, where they were met by the mother of the young neighborhood girl. She told them that her daughter wandered away from a nearby cook-out and opened the back door, tripping the alarm.

The court found the neighbors' explanations perfectly reasonable and consistent with the officers' observations.

Nevertheless, the court upheld the officers' warrantless entry because "the court is not persuaded ... that the officers acted unreasonably." See id. at 721.

The court reasoned that officers are required to make complicated judgments in a short period of time, and the exigent circumstances doctrine requires that courts give some deference to the decisions of trained law enforcement officers. Id. Moreover, the court found "no doubt" that the conduct of the officers at the scene was "exactly the type of police work that the community would expect, and possibly even demand." Id. The court said:

> Indeed the very presence of a security system in the defendant's home suggest the police would be in dereliction of their duties had they not decided to investigate absent the presence of a resident.... In this case, it is easy to imagine the likely community outage had the police failed to investigate and had there actually been someone in need of immediate assistance inside the home.

Id.

In this case, plaintiff maintains that defendant Smith illegally entered his home while investigating the burglary, thereby, invalidating the subsequent search warrants. Plaintiff's argument is without merit.

As noted above, a warrentless entry into a home does not violate the Fourth Amendment if exigent circumstances exist. Here, Smith was called to 39566 Bunker Hill Road to investigate a possible burglary after plaintiff's home security system had been

13

tripped. When Smith arrived at the scene, no one was home, and his investigation outside the house failed to provide additional information, other than an unlocked door.[2] With no plausible explanation for the tripped alarm, Smith entered the home to investigate, and once inside he observed in plain view two plants that he believed to be marijuana growing under a halogen lamp. With this information, Smith obtained a search warrant, and while executing the warrant, he discovered a bag of marijuana, paraphernalia, and the cache of weapons and ordinance.

    The evidence in the record establishes that exigent circumstances existed justifying defendants' warrantless entry into plaintiff's home. Plaintiff has been unable to raise any genuine issues of fact on this issue. As the court noted in Porter, the defendants' actions in this case constitute the "type of police work that the community would expect, and possibly even demand." See id. Exigent circumstances existed for defendant Smith to enter the premises. Because Smith was legally in plaintiff's home when he observed the marijuana plants, the subsequent search warrant was valid. During execution of the lawful search, defendants discovered the bag of marijuana, paraphernalia, and weapons. They also learned from Donna that

---

[2] Plaintiff maintains in his memorandum in opposition that the outside door was locked and defendant Smith broke a lock to enter. However, during plaintiff's deposition, he admits to not knowing if the outside door was locked or not.

plaintiff lived at the residence and that the illegal items belonged to him.  Based on these facts, probable cause existed for plaintiff's arrest and no constitutional violation occurred.

### 2. **Excessive use of force.**

Plaintiff alleges that the officers that arrested him used excessive force.  Plaintiff claims the officers held him at gun point and placed a loaded weapon in his face.  He further contends that one of the officers said to him, "move and I'll kill you."

The right to be free from excessive force during an arrest is a constitutional right conferred under the Fourth Amendment's prohibition against unreasonable seizures.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Under the Fourth Amendment, an officer's use of force is bound by a standard of objective reasonableness.  Id.  In determining whether the force used was reasonable, the court must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  See id. at 396. (Citations and internal quotations omitted).  The Supreme Court further instructs:

> [P]roper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

See id. (Citations omitted).

Smith and Rees are entitled to summary judgment because plaintiff has produced no evidence showing that Smith or Rees were the officers that actually apprehended plaintiff. Defendants have presented evidence that neither Smith nor Rees were present when plaintiff was apprehended and that evidence is undisputed. Because plaintiff has presented no evidence identifying Smith or Rees as the arresting officers, summary judgment must be granted to Smith and Rees on plaintiff's excessive use of force claim.

**B. Plaintiff's state law claims.**

Plaintiff also brings claims under O.R.C. §2307.60 for property damage suffered as a result of defendants' seizure of plaintiff's property. Plaintiff claims that defendants' lack of care caused damage to and a diminution in the value of the seized firearms.

Defendants seek summary judgment, asserting that plaintiff's wife owned all of the property that was seized. Defendants argue that because plaintiff did not have an ownership interest in the seized property, he can not recover damages based on any diminution in value. See United States v. 64,800.00 in United States Currency, 21 Fed. Appx. 439 (6th Cir. 2001). Moreover, to survive a summary judgment motion, plaintiff must present sufficient evidence of his claim to create a genuine issue of

16

material fact.  A mere scintilla of evidence, rumors, conclusory allegations, and/or subjective beliefs are insufficient to overcome a motion for summary judgment.  <u>Mitchell v. Toledo Hosp.</u>, 964 F.2d 577, 581-582, 585(6th Cir.1992).

In his response and sur-reply to defendants' summary judgment motion, plaintiff fails to cite any specific evidence sufficient to create a genuine issue of material fact. Plaintiff's only statements with respect to this claim are that "the family gun collection had (after 2 weeks in a U-haul outside and Several weeks lying on the 2nd floor of a building next to Down Town Pomerory. Sheriffs Dept.,) Was returned in part.[sic]" <u>See</u> Plaintiff's Response at 12, (Document 29).  And, plaintiff also says, "Where did the <u>AUTOMATIC WEAPONS COME FROM!!!</u> ... The Plaintiff Family Gun Collection never had such items in it! And can prove that one of the Fire Arms in the Collection had been altered.[sic]"  <u>See</u> <u>id</u>. at 14.

Plaintiff fails to identify with any specificity how the guns were damaged or altered; how, if at all, the value of the collection has diminished; or the amount, if any, of the diminution in value.  Moreover, plaintiff fails to identify any item that was seized by defendants which has not been returned or was returned in an altered condition.  Finally, plaintiff admits that he did not have an ownership interest in the gun collection at the time the seizure was made.  At plaintiff's deposition, he

17

admitted that the guns belonged to his wife.

    Q. Those guns were hers?
    A. Everything was hers.
    ...
    Q. All right. So she had ownership interest in all those guns is what your telling me?
    A. Yes.

See Hunter Dep. at 71.

Because plaintiff cannot show that he owned the guns when the police allegedly seized them, and because plaintiff has not provided any specific evidence to support his claim for damages, plaintiff's claim must be dismissed.

**IV.   Conclusion**

For the foregoing reasons, defendants' motion for summary judgment is granted.  The clerk shall enter final judgment in favor of defendants on all of plaintiff's claims, dismissing plaintiff's complaint with prejudice.  Costs shall be taxed against plaintiff.

It is so ORDERED.

                                      s/James L. Graham
                                      JAMES L. GRAHAM
                                      United States District Judge

DATE: May 02, 2006